(No. 85-CC-0680–

RAYMOND PONCZEK, Claimant, *v.* THE STATE OF ILLINOIS and ANTHONY M. STAZZONE, Respondents.

*Opinion filed September 16, 1988.*

JAMES J. McPOLIN, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondents.

RAUCCI, J.

Claimant Raymond Ponczek brought this action for personal injuries suffered when he was struck by the blade of a snowplow while he was walking on the shoulder of a highway.

The Respondent Anthony M. Stazzone was the driver of the highway truck to which the snowplow was attached. He admits that he did not see Claimant before striking him.

On January 13, 1984, at approximately 6:00 p.m., Claimant, then 21 years of age, was walking westbound on a footpath along the north side of Route 83 near its intersection with 69th Court in Palos Heights, Illinois. Stazzone was driving a six-ton truck with a snowblade attached westbound on Route 83. The blade protruded from the side of the truck between 6 and 18 inches. It is uncontroverted that the wheels of the truck did not leave the highway, and that Ponczek was not on the road when struck as Stazzone was salting to keep the snow flurries from freezing on the road. It was dark, but the truck's lights were on and the driver's vision was not otherwise impaired.

The footpath (shoulder) was approximately one

foot north of the paved portion of the roadway and 1½ feet from the white line edging the roadway.

Respondent's only defense is that Claimant should have been more than 18 inches from the edge of the roadway. Respondent relies on the provisions of section 11—1007(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—1007(b)) which provides:

"(a) Where a sidewalk is provided and its use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

(b) Where a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway.

(c) Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of a roadway, and, if on a two-way roadway, shall walk only on the left side of the roadway.

(d) Except as otherwise provided in this Chapter, any pedestrian upon a roadway shall yield the right of way to all vehicles upon the roadway."

Respondent urges that Claimant "violated the statute when he walked at the edge of the shoulder less than 18 inches from the roadway." We do not agree.

The uncontroverted testimony established that there was less snow on the shoulder of the north side of the road than on the south shoulder, and that there were "piles" of snow immediately adjacent to the footpath. The use of the footpath did not violate the statute.

We find that the sole, proximate cause of the accident was the failure of the truck driver to see the Claimant before he struck him. The Claimant was wearing a light-colored gold jacket and white-gray pants and the truck's lights were functioning properly.

Having found liability on the part of the State, we now turn to the issue of damages. Claimant suffered three broken ribs, a kidney contusion, numerous bruises and abrasions, and a ruptured spleen which required Claimant to undergo a spleenectomy. As a result of the

loss of his spleen, Claimant suffers an immunological deficit which subjects him to chronic or reoccurring respiratory infections. He will be required to receive vaccine every five years in order to protect him against pneumonia. The vaccine, however, does not protect him against other viruses. He is in generally poor health. Additionally, Claimant suffered a series of shoulder dislocations which required physical therapy and exercise, followed by surgery, to stabilize the shoulder.

Claimant incurred $14,567.67 in medical expenses and had a wage loss of $2,630 for a total of $17,197.67. Considering the nature, extent and duration of the injuries, as well as the pain, suffering and disfigurement suffered, the medical expenses and wage loss, we assess damages at $60,000.

It is therefore ordered, adjudged and decreed that Claimant is awarded sixty thousand dollars ($60,000.00) in full and complete satisfaction of this claim.